Exhibit
A

12/8/11

COMMONWEALTH OF MASSACHUSETTS
DISTRICT COURT DEPARTMENT
SPRINGFIELD DIVISION

HAMPDEN, S.S.                                    Civil Action No. 201123 CV 1639

| | |
|---|---|
| PAUL D. BENOIT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | AMENDED COMPLAINT |
| v. ) | |
| ) | |
| ) | |
| ) | |
| EQUABLE ASCENT FINANCIAL, LLC ) | |
| ) | |
| Defendant. ) | |
| ) | |

Introduction

1.  The Plaintiff, Paul D. Benoit seeks damages against Equable Ascent Financial,
    LLC for its illegal collection activities, specifically collecting a debt that was not
    owed, failing to validate a disputed debt, and causing contact directly with the
    Plaintiff when he was represented, all in violation of the Fair Debt Collection
    Practices Act; and further, for violation of the Fair Credit Reporting Act.

Parties

2.  The Plaintiff, Paul D. Benoit, (hereinafter "Mr. Benoit" or "Plaintiff") is a natural
    person residing at 697 Belmont Street, Springfield, Massachusetts.  At all times
    stated herein, Mr. Benoit was a consumer.

3.  Equable Ascent Financial, LLC (hereinafter "EAF") is a foreign corporation with a
    principal place of business at 1120 West Lake Cook Road, Suite B, Buffalo Grove,

IL 60089. EAF's registered agent in Massachusetts for accepting service of process is Corporation Service Company 84 State Street, Boston, MA 02109. At all times herein, EAF acted as a debt collector.

4. Equity One Mortgage, Inc. (hereinafter "Equity One") is a foreign corporation with a principal place of business at 301 Lipponcott Drive, Marlton, New Jersey 08053. Equity One's registered agent in New Jersey is Corporation Trust Company 820 Bear Tavern Road, West Trenton, NJ 08628.

### Factual Allegations

5. At some time prior to October 2010, Equity One, a creditor under the Fair Debt Collection Practices Act, sought collection of a debt associated with an account numbered 900098821(hereinafter "Account"), from the Plaintiff, at least by reporting said debt as due and owing to credit bureaus.

6. In 2010 Equity One reported the Account as owed by the Plaintiff to a major credit bureau, Equifax. A copy of a listing for the Account on the Plaintiff's credit report is attached as Exhibit 1.

7. In or about October or November 2010, the Plaintiff through his counsel, sent a notification that the debt associated with the Account was not owed by the Plaintiff and that the Plaintiff was represented by counsel to Equity One at the address it listed with the credit bureau for disputes to be sent, and to Equity One's corporate relative, Popular Financial Holdings, Inc. Equity One caused its address for credit reporting disputes to not receive mail, causing the Plaintiff's notification to be returned, and allowing it to avoid receiving of notifications of disputes related to credit reporting.

8. Popular Financial Holdings, Inc. was notified that the Plaintiff was represented by counsel, and due to its relationship to Equity One, Equity One had constructive notice of Plaintiff's representation. The copy of the mailing sent to Equity One

2

was not returned by the US Postal Service that delivered it. Equity One also learned that the Plaintiff disputed owing the debt associated with the Account.

9.  At some time prior to 11 November 2010, EAF acquired the rights to the Account from Equity One. EAF learned that the Plaintiff was represented by counsel from Equity One and/or Popular Holdings Financial, Inc.

10. In or about November 2010, EAF engaged an agent, Northland Group, Inc. (hereinafter "EAF Agent #1), to collect the Account from the Plaintiff. EAF did not inform Agent #1 that the Plaintiff was represented by counsel.

11. In November 2010, EAF Agent #1 sent a dunning letter to the Plaintiff at his then personal residence at 12 Short Street, Springfield, Massachusetts. A copy of the dunning letter is attached as Exhibit #2.

12. On or about 17 November 2010 Agent #1, on behalf of EAF, called the Plaintiff at his personal residence to collect the debt associated with the Account. Agent #1 inquired as to what the Plaintiff's social security number was and compared digits of the Plaintiff's social security number to the social security number associated with the Account, and the numbers were different.

13. As a result of the call, Agent #1 learned that the social security number associated with the Account was different than the Plaintiff's social security number.

14. Agent #1 also made telephone contact with Plaintiff's counsel on or about 17 November 2010.

15. Agent #1 confirmed that the Account was not the Plaintiff's or determined that the Account was not the Plaintiff's, as a result of its contact with the Plaintiff and/or the Plaintiff's counsel.

3

16. After Agent #1 made telephone contact with the Plaintiff, the Plaintiff received a dunning letter from Agent #1 that was sent to the Plaintiff's residence. Exhibit #2 attached herein is the letter.

17. On or about 2 December 2010, Plaintiff's counsel sent to EAF, and EAF received, a letter by facsimile. A copy of the letter is attached hereto as Exhibit #4.

18. On or about 17 November 2010, Plaintiff's counsel sent to Agent #1, and Agent #1 received, a letter by facsimile concerning the Account, and including a statement that the Plaintiff was the victim of identity theft.

19. Subsequent to 17 November 2010, Plaintiff's counsel had phone conferences with Agent #1's counsel, in that the debt associated with the Account was disputed on the basis the debt was not owed, but likely was the product of identity theft.

20. Exhibit #4 stated the Plaintiff did not owe the debt associated with the Account. It served as a dispute of the validity of the debt associated with the Account under the Fair Debt Collection Practices Act.

21. On or about 15 December 2010 Agent #1 sent a letter to Plaintiff's counsel stating it did not know and was not informed by EAF that the Plaintiff was represented by counsel, and that it was returning the Account to EAF. A copy of the letter is attached hereto as Exhibit 3.

22. Agent #1 informed EAF that the Plaintiff did not owe the debt associated with the Account, and later EAF and Agent #1 terminated the agency-relationship with respect to the Account.

23. When EAF and Agent#1 terminated the agency relationship pertaining to the Account, EAF knew or should have known that the Plaintiff did not owe the debt associated with the Account and the Account was not the Plaintiff's.

4

24. At some time prior to 23 August 2011, EAF engaged a second agent to collect the debt associated with the Account, namely Pallino Asset Management, which is also known as "Quatra" (hereinafter "Agent #2").

25. Agent #2 engaged an agent to collect the debt associated with the Account from the Plaintiff, namely Turning Point Capital, hereinafter "Agent #2's Agent." EAF did not inform either Agent #2 or Agent #2's Agent that the Plaintiff disputed owing the debt associated with the Account.

26. Agent #2's Agent attempted to collect the Account. In its attempt to contact the Plaintiff, it made telephone contact with Plaintiff's counsel. It also sent a dunning letter.

27. On or about 23 September 2011 EAF received a letter by facsimile and email from Plaintiff's counsel.

28. At no time did EAF or any of its agents validate the debt associated with the Account.

29. EAF and/or Equity One continued to cause the reporting of the Account on the Plaintiff's credit report with credit bureaus, and did not indicate that it was a disputed debt throughout the entire time period relevant in this Complaint or did not communicate the fact it was disputed in a timely manner.

30. On 28 September 2011 Plaintiff's counsel sent EAF a demand letter pursuant to Mass. Gen. Laws ch. 93A §§ 2 and 9. A copy of the letter and an associated facsimile transmission verification report is attached hereto as Exhibit 4. The letter satisfies the statutory requirement under Mass. Gen. Laws ch. 93A. EAF received the letter and made no tender of settlement within 30 days of the sending of the letter. Thus, multiple damages, costs, and attorney's fees under the statute may be applied.

5

31. The Plaintiff endured mental anguish from the acts of collection complained of herein, and including, communications from EAF to Plaintiff's counsel upon learning of such communications.

## COUNT I

### [EAF: Violations of the Fair Debt Collection Practices Act]

32. The Plaintiff repeats, re-alleges and incorporates by reference the paragraphs above with the same force and effect as if fully set forth herein.

33. EAF violated the Fair Debt Collection Practices Act. EAF's violations include the following:

   a) Collecting a debt that was not owed (15 U.S.C. 1692f(1); 15 U.S.C. 1692e (2)), EAF knew the debt associated with the Account was not owed when it attained the account or when Agent #1 notified it of its discovery that the Plaintiff did not have the social security number associated with the Account, but continued to collect it;

   b) Failing to stop collection activity after receiving a valid dispute and becoming aware of the dispute of the debt associated with the Account (15 U.S.C. § 1692g). EAF received notification directly and through its agent that the debt associated with the Account was disputed;

   c) Causing the contact by debt collection by phone and mail, with a consumer debtor through its agents when it knew or should have known he was represented by counsel; and

   d) While reporting the Account to at least one credit bureau, failing to communicate that the Account was disputed when it knew or should have known the Account was disputed (15U.S.C. § 1692e(8) and 15 U.S.C. § 1692e(5)), specifically after it was notified by Agent #1 and directly by the Plaintiff's counsel that the Account was the product of identity theft.

34. EAF's acts were willful and in bad faith.

35. Thus the Plaintiff was damaged.

## COUNT II

### [EAF: Violations of the Massachusetts Consumer Protection Act]

36. The Plaintiff repeats, re-alleges and incorporates by reference the paragraphs above with the same force and effect as if fully set forth herein.

37. EAF violated the Massachusetts Consumer Protection Act, specifically, Mass. Gen. Laws ch. 93A §§ 2 and 9. EAF's violations include the following:

   a) Collecting a debt that was not owed EAF knew the debt associated with the Account was not owed when it attained the account or when Agent #1 notified it of its discovery that the Plaintiff did not have the social security number associated with the Account, but continued to collect it;

   b) Failing to stop collection activity after receiving a valid dispute and becoming aware of the dispute of the debt associated with the Account. EAF received notification directly and through its agent that the debt associated with the Account was disputed;

   c) Causing the contact by debt collection by phone and mail, with a consumer debtor through its agents when it knew or should have known he was represented by counsel; and

   d) While reporting the Account to at least one credit bureau, failing to communicate that the Account was disputed when it knew or should have known the Account was disputed specifically after it was notified by Agent #1 and directly by the Plaintiff's counsel that the Account was the product of identity theft.

38. Violations of the Fair Debt Collection Practices Act, as described in Count One above, are *per se* violations of the Massachusetts Consumer Protection Act.

39. EAF's acts were willful and in bad faith.

40. Thus, the Plaintiff was damaged.

WHEREFORE, the Plaintiff respectfully requests that judgment be entered against the Defendant respectfully as follows:

(1) On Count I, against EAF, general and actual damages, statutory damages, costs and attorneys' fees;

(2) On Count II, against EAF, general and actual damages or statutory damages, multiple actual damages, and costs and attorneys' fees.

(3) For such other and further relief as may be just and proper on all Counts.

PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully Submitted,
Paul D. Benoit,
By his Attorney,

Dated:  6 December 2011

George E. Bourguignon, Jr., Esq.
(BBO # 669444)
73 State Street
Springfield, MA 01103
(413) 746-8008
(413) 304-2813 facsimile
gbourguignon@bourguignonlaw.com

8

EXHIBIT 1

*at me*

## EQUITY ONE

| | Equifax | TransUnion | Experian |
|---|---|---|---|
| Account Type: | | | Installment |
| Account Number: | | | 90009XXXX |
| Payment Responsibility: | | | Individual |
| Date Opened: | | | 09/2005 |
| Balance Date: | | | 11/2007 |
| Balance Amount: | | | |
| Monthly Payment: | | | |
| High/Limit: | | | $5,741 |
| Account Status: | | | Late Over 120 Days |
| Past Due Amount: | | | $717 |
| Comments: | | | ACCOUNT DELINQUENT 150 DAYS PAST DUE DATE LAST REPORTED DELINQUENCIES: 11/2007=1 ,10/2007=1 CHARGE OFF |

EQUITY ONE
301 LIPPONCOTT DR
MARLTON, NJ-08053
(856) 396-3670

**24-Month Payment History**

| Experian | |
|---|---|
| CO 120 90  60  30  •    •    •    •    •    •    •    •    • | NR  NR   NR  NR  NR |

Equifax Personal Solutions: Credit Reports, Credit Scores, Protection Against Identity Th... Page 5 of 30

EQUITY ONE

| Experian |
|---|
| Nov Oct Sep Aug Jul Jun May Apr Mar Feb Jan Dec Nov Oct Sep Aug Jul Jun May Apr Mar Feb Jan Dec |
| 07  07  07  07  07 07  07   07  07  07  07  06  06  06  06  06  06 06   06   06   06   06   06  05 |

**Seven-Year Payment History**

| | Equifax | TransUnion | Experian |
|---|---|---|---|
| 30 Days Past Due: | | | 2 |
| 60 Days Past Due: | | | 1 |
| 90 Days Past Due: | | | 3 |

EXHIBIT 2

 *Northland Group Inc.*

866-699-2649 ext 3728
NGI@northlandgroup.com
Hours of Operation: M-Th 7-9, F 7-7, Sat 8-2 CT
www.payments2northland.com

November 12, 2010

P.O. Box 390846
Minneapolis, MN 55439
Mail Code HLC15

**ACCOUNT INFORMATION**

Client: Equable Ascent Financial LLC
Original Creditor: Equity One
Original Account #: **********8821

Paul D Benoit   (F54616573–11/12x3AHC)
12 Short St
Springfield, MA  01108-2868

**NORTHLAND ACCOUNT NUMBER**
F54616573

## Your past due account balance: $3,079.83
## Your settlement offer: $769.98

Dear Paul D Benoit,

Equable Ascent Financial LLC, the creditor of your account, has assigned the above referenced account to Northland Group, Inc. for collection. Our client is willing to reduce your balance by offering you a settlement. We are not obligated to renew this offer. Upon receipt and clearance of $769.98, your account will be satisfied and closed and a settlement letter will be issued. This offer does not affect your rights set forth below.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,

Northland Group, Inc.



Pay Online: www.payments2northland.com

## Your past due account balance: $3,079.83
## Your settlement offer: $769.98

Dear Paul D Benoit,

Equable Ascent Financial LLC, the creditor of your account, has assigned the above referenced account to Northland Group, Inc. for collection. Our client is willing to reduce your balance by offering you a settlement. We are not obligated to renew this offer. Upon receipt and clearance of $769.98, your account will be satisfied and closed and a settlement letter will be issued. This offer does not affect your rights set forth below.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,

Northland Group, Inc.



### Pay Online: www.payments2northland.com



### Pay by Phone: Please call Northland Group, Inc. at 866-699-2649 ext 3728.
We offer check by phone, Western Union, Money Gram and credit card.



### Pay by Mail: Send payments to PO Box 390846, Minneapolis, MN 55439.

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is sent to you by Northland Group, Inc., a debt collector and a member of ACA International.
This collection agency is licensed by the Minnesota Department of Commerce.
Notice: See reverse side for important information from Equable Ascent Financial, LLC.

M3AHC-3AHC P2/1115_1

We are required under certain State laws to notify consumers of those states of specific rights. This is not a complete list of the rights consumers have under Federal and State law.

IF YOU LIVE IN MASSACHUSETTS THIS APPLIES TO YOU: <u>NOTICE OF IMPORTANT RIGHTS</u> - YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.
MA Address: 5230 Washington St., West Roxbury, MA 02132.
Office Hours: M-TH 10am - 3pm Eastern Time.

ACH DISCLOSURE: When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. **When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day as we receive your payment, and you will not receive your check back from your financial institution.**

## Privacy Notice

This notice is being forwarded to you in compliance with the requirements of the Gramm-Leach-Bliley Privacy Act, 15 U.S.C. sec. 6801 et seq. It has no reflection or bearing upon the status of your account.

### Information We May Collect

Equable Ascent Financial, LLC, together with its affiliated companies (collectively, the "Account Owners" or "We"), collects nonpublic personal information about you that is obtained from one or more of the following sources:

1. Information we received from companies that sold us your account (for example, applications and other related forms);
2. Information about your transactions with us, our affiliates, or others; and
3. Information we received from a consumer-reporting agency.

### Information We May Share With Nonaffiliated Companies

The Account Owners may share all of the information we collect about you, as described above, with nonaffiliated companies, as permitted by law. For example:

- We may share information about you with companies that we use to perform account-servicing functions to manage and maintain your account and to process transactions that you have authorized; and
- We may report information about you to consumer reporting agencies, government agencies in response to subpoenas, or others in connection with investigations.

### Confidentiality and Security of your Account

The Account Owners restrict access to nonpublic personal information about you to only those employees who need to know such information, and third party service providers who provide support services to us. We maintain physical, electronic and procedural safeguards to protect your personal information. If we use other companies to provide services for us, we require them to keep the information we share with them safe and secure and we do not allow them to use the information for any purpose other than the job they are hired to do.

### Additional Rights and Modifications

You may have other privacy protections under state or Federal laws including the Fair Debt Collection Practices Act. We may amend this Privacy Notice at anytime, and will inform you of changes as required by law.

Please be advised that your account is being serviced by Northland Group, Inc. Please direct all inquiries in regard to this notice to Northland Group, Inc. or call us toll free at 888-287-5711 between 8:00 a.m. Central Standard Time and 5:00 p.m. Central Standard Time Monday-Friday.

Vermont Residents Only: Following the law of your state, we will not disclose nonpublic personal financial information about you to nonaffiliated third parties (other than as permitted by law) unless you authorize us to make that disclosure. Your authorization must be in writing. If you wish to authorize us to disclose your nonpublic personal financial information

EXHIBIT 3



*Northland Group Inc.*

December 15, 2010

Mr. George E. Bourguignon, Jr.
73 State Street, Suite
Springfield, MA 01103

Re:    Your client, Paul D. Benoit
         Northland Account F54616573

Dear Mr. Bourguignon:

Pursuant to your discussion with our attorney, Jeffrey Olson, I am sending this letter regarding the above account. The account was placed for collection with Northland Group, Inc. on or about November 11, 2010. The account was placed for collection by our client Equable Ascent Financial, LLC. All collection activities relating to the account were ceased on or about November 17, 2010 when your client advised Northland that he was represented by counsel. Prior to that date, Northland was not aware that Mr. Benoit was represented by legal counsel. The account has been on hold, but is being returned to Equable Ascent Financial.

You may contact Equable Ascent Financial at 800-635-5733 should you have additional questions relating to this account.

Yours truly,

Valerie Bartosh
Compliance Coordinator

EXHIBIT 4

```
TRANSMISSION VERIFICATION REPORT
```

```
                                    TIME  : 09/28/2011 11:27
                                    NAME  : BOURGUIGNON LAW
                                    FAX   : 4133042813
                                    TEL   : 4137468008
                                    SER.# : H5N357282
```

```
  DATE,TIME              09/28  11:22
  FAX NO./NAME           18475214510
  DURATION               00:05:00
  PAGE(S)                17
  RESULT                 OK
  MODE                   STANDARD
                         ECM
```



73 State Street, Suite 15
Springfield, MA 01103
Phone  (413) 746-8008
Facsimile  (413) 304-2813
www.bourguignonlaw.com

28 September 2011

Mr. Stephen Auburn
General Counsel
Equable Ascent Financial, LLC
1120 W. Lake Cook Road, Suite B
Buffalo Grove, IL 60089
Facsimile (847) 521-4510
Nidhi Soni [nsoni@eafllc.com]

<u>Sent by facsimile and email</u>.

RE: Demand under Mass. Gen. Laws. chap 93A;
Paul D. Benoit;
Social Security Number ending in 2061.
Original account number 900098821
EAF Reference No 3364849.

Dear Mr. Auburn:

As you should know from prior notification, this office represents Mr. Paul D. Benoit of Springfield, Massachusetts with respect to the above-referenced matters. Mr. Benoit's patience with you and your debt collectors has been exhausted. Thus, this letter makes a demand pursuant to the Massachusetts Consumer Protection Act, specifically, Mass. Gen. Laws. ch. 93A, §§ 2 and 9, for your firm's unfair and deceptive business practices.

George E. Bourguignon, Jr.
Attorney at Law

73 State Street, Suite 15
Springfield, MA 01103
Phone    (413) 746-8008
Facsimile    (413) 304-2813
www.bourguignonlaw.com

28 September 2011

Mr. Stephen Auburn
General Counsel
Equable Ascent Financial, LLC
1120 W. Lake Cook Road, Suite B
Buffalo Grove, IL 60089
Facsimile (847) 521-4510
Nidhi Soni [nsoni@eafllc.com]

Sent by facsimile and email.

RE: Demand under Mass. Gen. Laws. chap 93A;
Paul D. Benoit;
Social Security Number ending in 2061.
Original account number 900098821
EAF Reference No 3364849.

Dear Mr. Auburn:

As you should know from prior notification, this office represents Mr. Paul D.
Benoit of Springfield, Massachusetts with respect to the above-referenced
matters. Mr. Benoit's patience with you and your debt collectors has been
exhausted. Thus, this letter makes a demand pursuant to the Massachusetts
Consumer Protection Act, specifically, Mass. Gen. Laws. ch. 93A, §§ 2 and 9, for
your firm's unfair and deceptive business practices.

Please be advised that your firm has conducted violations of the Massachusetts
Debt Collection law and Massachusetts Consumer Protection Act in efforts to
collect the debt associated with the above-referenced account. The substantive
facts and details are contained in the attached draft Complaint provided for your
review. To supplement the same and in addition to the damages outlined in the
attached draft Complaint, Mr. Benoit has been damaged by being the continued
subject of collection of a debt that is not owed, and the concomitant efforts to
defend against these advances. We also add, the fact that your firm has
apparently continued to claim the debt is owed, continued to report the Account
to credit bureaus, and failed to notify this office that you will cease your collection
efforts, after receipt of a mailing dated 23 September 2011 containing an Identity
Theft Report.

Mr. Stephen Auburn
General Counsel
Equable Ascent Financial, LLC
28 September 2011
Page 2

These acts have greatly saddened and annoyed Mr. Benoit over the course of a
number of months.  Thus, pursuant to Mass. Gen. Laws. ch. 93A, we demand
the amount of $5,000.00 for the illegal debt collection practices described above
for Mr. Benoit's mental anguish.

We reiterate that this is a demand under the Massachusetts Consumer
Protection Act.  Please be advised that if your firm does not make an offer of
settlement within thirty days of receipt of this letter of the amount demanded that
we plan to seek, and a court could award, double or treble damages plus
attorney's fees upon successful judgment.

It should go without saying, and we also reiterate that you must refrain from any
further direct contact with our client.  Any and all future communication
concerning this matter should be directed to the undersigned pursuant to Mass.
Gen. Laws. ch. 93, § 49(b) and 15 U.S.C., §.1692b.

Sincerely,

George E. Bourguignon, Jr., Esq.


Enclosure:  As stated.


cc:    Mr. Paul D. Benoit

| STATEMENT OF DAMAGES G.L. c. 218, § 19A (a) | Docket No.: | Trial Court of Massachusetts |
|---|---|---|
| | Division: | District Court Department |

Plaintiff(s) Paul D. Benoit

Defendant(s) Equable Ascent Financial, LLC

**INSTRUCTIONS:** THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT COURT CIVIL ACTIONS SEEKING MONEY DAMAGES.

| TORT CLAIMS | AMOUNT |
|---|---|
| A. Documented medical expenses to date: | |
| 1. Total hospital expenses: ............................................. | $_____ |
| 2. Total doctor expenses: ............................................... | $_____ |
| 3. Total chiropractic expenses: ...................................... | $_____ |
| 4. Total physical therapy expenses: .............................. | $_____ |
| 5. Total other expenses (Describe): _____ | $_____ |
| **B. SUBTOTAL for lines 1-5 above:** | $_____ |
| C. Documented lost wages and compensation to date: ............................................. | $_____ |
| D. Documented property damages to date: ............................................. | $_____ |
| E. Reasonable anticipated future medical and hospital expenses: ................ | $_____ |
| F. Reasonably anticipated lost wages: ............................................. | $_____ |
| G. Other documented items of damage (Describe): mental anguish and statutory damages and attorney fees on-going | $_____ |

For this form, disregard double or treble damage claims; indicate single damages only.

**TOTAL TORT CLAIMS for lines B-G above:** $5,000.00

H. Brief description of Plaintiff's injury, including nature and extent of injury (Describe): mental anguish and statutory damages for defendant's violation of federal and state debt collection laws, and attorney fees

| CONTRACT CLAIMS | AMOUNT |
|---|---|
| Provide a detailed description of claim(s): _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |

For this form, disregard double or treble damage claims; indicate single damages only.

**TOTAL CONTRACT CLAIMS:**

ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF):

Signature: _____

Type Name: George F. Bourguignon, Jr.

Address: 73 State Street, Springfield, MA 01103

Phone: 413-746-8008

B.B.O.#: 669444

Date: 6 December 2011

DEFENDANT'S NAME AND ADDRESS & PHONE:

Equable Ascent Financial, LLC
1120 West Lake Cook Road, Suite B
Buffalo Grove, Illinois 60089

08/06